Filed 5/3/17  Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DAVID ISMAEL LUA,<br><br>  Defendant and Appellant. | E064038<br><br>(Super.Ct.No. INF1500124)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br>[CHANGE IN JUDGMENT] |

THE COURT:

The petition for rehearing filed by plaintiff and respondent is denied.  It is ordered that the opinion filed in this matter on April 14, 2017, be modified as follows:

1.  In footnote 14 on page 25, add the following at the end of the footnote, as a new paragraph after the last sentence ending ". . . in the first instance on remand":

> The prohibition on double jeopardy in the California Constitution (art. I, § 15) generally prohibits imposition of a greater sentence upon resentencing following an appeal.  (*People v. Collins* (1978) 21 Cal.3d 208, 216-217.)  The trial court could, however, exercise its discretion to impose a sentence of less than 17 years.

1

2.  In the disposition on page 26, lines one through three, delete the sentence beginning with "The trial court shall strike" and ending with "erroneously stayed."  Insert in its place the following:

> The trial court shall either impose or strike the three prison prior enhancements (Pen. Code, § 667.5), which were erroneously stayed.  Defendant's new aggregate sentence upon resentencing shall not exceed his original sentence of 17 years.

> The last sentence in the third line on page 26, "In all other respects, the judgment is affirmed" remains the same.

Except for this modification, the opinion remains unchanged.  This modification effects a change in judgment.

CERTIFIED FOR PUBLICATION


                                                  HOLLENHORST
                                                              Acting P. J.

We concur:

        MILLER
                        J.

        SLOUGH
                        J.

Filed 4/14/17 Unmodified opinion

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064038 |
| v. | (Super.Ct.No. INF1500124) |
| DAVID ISMAEL LUA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Jeffrey L. Gunther, Judge. (Retired judge of the Sacramento Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed in part, reversed in part; remanded with directions.

Robert F. Somers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Eric A. Swenson, Lynne G. McGinnis and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant David Ismael Lua guilty of one count of transportation for sale of a controlled substance (Health & Saf. Code,[1] § 11379, subd. (a) (count 1)), as well as a misdemeanor count of simple possession of a controlled substance (§ 11377, subd. (a) (count 2)), a lesser included offense of the charged offense, possession for sale of a controlled substance (§ 11378, subd. (a)). The trial court found true allegations that defendant had five drug-related prior convictions (§ 11370.2, subd. (c)) and had served three prior prison terms (Pen. Code, § 667.5, subd. (b)). Defendant received an aggregate sentence of 17 years.

On appeal, defendant asserts that the trial court's instructions to the jury with respect to the transportation for sale charge were erroneous; that the trial court failed to adequately respond to questions from the jury during deliberations; that the verdict form for the transportation for sale charge contradicted the jury's instructions for the offense; that the cumulative error doctrine requires reversal; that the trial court misunderstood the scope of its sentencing discretion; and that the sentence imposed constitutes an abuse of discretion, and an unconstitutionally cruel and unusual punishment.

We find that the matter must be remanded for resentencing, because some of the trial court's remarks during sentencing suggest that it may not have properly understood the scope of its sentencing discretion. We affirm the judgment in all other respects.

---

[1] Further undesignated statutory references are to the Health and Safety Code.

## I.  FACTS AND PROCEDURAL BACKGROUND

In the wee hours of the morning on January 25, 2015, defendant was pulled over for driving a vehicle with no front license plate.  Defendant was not apparently intoxicated, but his passenger, the registered owner of the vehicle, was.  A search of the vehicle, conducted with the assistance of a canine trained to detect drugs, discovered a black "hide-a-key" box attached by magnet to the undercarriage of the car by the driver's side door.  Inside the box was a plastic baggie containing 7.5 grams of methamphetamine.  Defendant denied any knowledge of the box.

The same Riverside County Deputy Sheriff who pulled defendant over had, four days before, conducted a search at defendant's residence.  During that search, he noticed a black box identical to the one later discovered during the traffic stop; it was on a desk, next to an open package of clear plastic sandwich baggies.  At that time, the box was empty.

At trial, in addition to testimony from deputy sheriffs involved in the January 25, 2015, vehicle stop and the earlier search of defendant's residence, the prosecution presented evidence of a prior drug-related offense by defendant through the testimony of the parole officer who conducted the July 2011 search that resulted in a November 2012 conviction for possession for sales of a controlled substance.  A Riverside County Deputy Sheriff who was not involved in defendant's arrest testified as a narcotics expert, explaining factors that indicate narcotics sales in trafficking cases involving vehicles.

3

Defendant did not testify in his own defense. The defense called two witnesses, who each testified about the origins of and modifications to the black box that was later discovered attached to the car defendant was driving.

The trial court instructed the jury on the elements of count 1, transportation for sale of a controlled substance, with CALCRIM No. 2300.[2] With respect to defendant's possession for sale charge (count 2), the trial court instructed the jury with the then-current version of CALCRIM No. 2302.[3] The jury was instructed on the elements of simple possession as a lesser included offense to count 2 using CALCRIM No. 2304.

_____

[2] The instruction as given to the jury was, in relevant part, as follows:
"The defendant is charged in Count 1 with transportation for sale of a controlled substance in violation of [section] 11379[,] [subdivision] (a).
"To prove that the defendant is guilty of this crime, the People must prove that:
"1. The defendant transported for sale a controlled substance;
"2. The defendant knew of its presence;
"3. The defendant knew of the substance's nature or character as a controlled substance;
"AND
"4. The controlled substance was methamphetamine.
"AND
"5. The controlled substance was in a useable amount."

[3] The instruction as given to the jury was, in relevant part, as follows:
"The defendant is charged in Count 2 with possession for sale of methamphetamine, a controlled substance [section] 11378[,] [subdivision] (a).
"To prove that the defendant is guilty of this crime, the People must prove that:
"1. The defendant possessed a controlled substance;
"2. The defendant knew of its presence;
"3. The defendant knew of the substance's nature or character as a controlled substance;
"4. When the defendant possessed the controlled substance, he intended to sell it;
"5. The controlled substance was methamphetamine;
"AND
"6. The controlled substance was in a usable amount."

4

The court also gave CALCRIM No. 251 on intent, instructing that both count 1 and count 2 required "proof of the union, or joint operation, of act and wrongful intent," and referring the jury to the instruction for each crime for the "specific intent required."

The closing arguments of both the prosecution and the defense explicitly discussed the "for sale" element of the transportation for sale charge. The prosecutor told the jury that to be convicted, defendant, "while he was transporting the controlled substance, he had to have the intent that at some point later on down the road he was going to sell," and discussed at some length the evidence that was presented to establish "the intent part," that is, that "he was transporting it for sale." The prosecution emphasized that for both charged counts, defendant's "specific intent" with respect to the controlled substance was "to sell it." Defense counsel, too, remarked specifically on the "for sale" element of the transportation charge, arguing that to be convicted, defendant "must have known [the controlled substance] was there, he must have known it was being transported, and he must have personally known that it was going to be used for sale."[4]

During deliberations, the jury submitted several written inquiries to the trial court. In the first, the jury asked what to do if it could not reach a verdict. The court responded in writing, asking for clarification as to which count or counts had motivated the question. The jury's answer pointed to both counts, "possession for sale [and] transport

---

[4] Defense counsel here incorrectly conflated intent with knowledge. (See, e.g., *In re Christopher B.* (1990) 219 Cal.App.3d 455, 466 [holding that trial court's finding that defendant possessed drugs *knowing* they were going to be sold was insufficient to support possession for sale conviction; offense requires specific *intent* to sell].)

for sale," and further specified the "sale part of the greater charges." The court advised the jury in writing to "[c]ontinue deliberations [and] arrive at a verdict/verdicts if possible." Subsequent to this written exchange, the court gave oral instructions on general methods to facilitate deliberations, and ordered the jury to continue its deliberations.

A second note from the jury inquired about the verdict forms it had been provided. The jury asked why the "verdict form" for the lesser included charge of count 2, simple possession, identified the charge as "possession for sale," when the description of the offense "says something else."[5] The jury also noted that the verdict forms for count 1 identified the offense as "transportation of a controlled substance," instead of transportation for sale. The trial court provided the jury new verdict forms with respect to the lesser included offense for count 2, correctly identifying the offense as simple possession. The trial court apparently did not provide the jury new verdict forms with respect to count 1; the form the jury eventually used to indicate its guilty verdict identifies the offense as "transportation of a controlled substance."[6] (Some capitalization omitted.)

---

[5] The jury was in fact provided two verdict forms for each charge, with one to be used in the event of a guilty verdict on the offense at issue, and the other to be used in the event of a verdict of not guilty. The jury's note, however, referred to the verdict forms in the singular, rather than the plural.

[6] Defendant asserts in briefing that the trial court also communicated with the jury with respect to its second note by telling the jury that "it *corrected* the verdict forms." The reporter's transcript demonstrates defendant to be incorrect: the trial court's

*[footnote continued on next page]*

A third note from the jury asked for definitions of the terms "transportation" and "possession."[7] The court responded in writing, referring the jury to jury instructions 2302 and 2300, and asking the jury to "[p]lease read these instructions in their entirety."[8]

The jury found defendant guilty on count 1, transportation for sale of a controlled substance (§ 11379, subd. (a)). With respect to count 2, the jury found defendant not guilty of the charged felony offense of possession for sale (§ 11378), but found him guilty of the lesser included misdemeanor offense of simple possession of a controlled substance (§ 11377, subd. (a)).

After a bench trial on the alleged sentence enhancements, the trial court found true allegations that defendant had five drug-related prior convictions (Health & Saf. Code,

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
comments about corrected verdict forms were made outside the presence of the jury. We note, however, that the colloquy between the court and counsel on this topic is ambiguous; it is not possible to determine whether the court and the parties intended to provide the jury with corrected verdict forms only with respect to the lesser included charge of simple possession, or if they intended also to provide different verdict forms for count 1 (and failed to do so for some reason).

[7] The exact language of the jury's note was as follows: "Under the law what is the definition transportation? [¶] And under the law what is the definition possession?"

[8] Below the elements of the transportation for sale offense, CALCRIM No. 2300, as given to the jury, includes the explanation, "A person transports something if he or she carries or moves it from one location to another, even if the distance is short." CALCRIM No. 2302, as given to the jury, elaborates on the concept of possession as follows: "The People do not need to prove that the defendant knew which specific controlled substance he possessed. [¶] Two or more people may possess something at the same time. [¶] A person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person."

7

§ 11370.2, subd. (c)) and had served three prior prison terms (Pen. Code, § 667.5, subd. (b)).[9]

During sentencing, on the People's motion, the trial court struck an alleged enhancement for committing the charged crime while out on bail (Pen. Code, § 12022.1) in the interest of justice. Defense counsel argued that the sentence recommended by the probation report—22 years, taking into account the striking of the on bail enhancement—constituted cruel and unusual punishment, and asked the court to "lessen the sentence." Defense counsel characterized the multiple enhancements, in particular, as "unfair." The prosecution responded that the defense's cruel and unusual punishment argument is an "appellate issue," and stated that appellant's sentence enhancements, constituting the bulk of the recommended sentence, were "mandatory."

The trial court subsequently remarked as follows: "I'm a trial judge. I follow the law. While I can exercise my heart and my sympathies for the position that [defendant] has placed himself in by his own actions and repeated actions, quite frankly, at some point in time the consequences of those actions have to be considered. They're considered in the law, and they're considered in the sentence. Even if I give him the lowest sentence possible, it still comes . . . . [¶] . . . [¶] . . . out to 17 [years]." The court described a 17-year term as "the minimum, but it is still a very substantial sentence" and

---

[9] The drug-related prior convictions included two convictions for transportation of a controlled substance (former § 11379), one from 2004, the other from 2009, and three convictions for possession for sale of a controlled substance (§ 11378), two from 2009, and the third from 2012. The prior prison terms related to the section 11379 conviction from 2009, the section 11378 conviction from 2012, and a felony possession conviction (§ 11377) from 2007.

8

"a high price to pay."  The court further commented to defendant that "when I look at your record, you've earned it.  You've earned, quite frankly, potentially more."  The trial court also stated that "[w]hile it could be argued by your counsel that it constitutes cruel and unusual punishment, it's a natural consequence of what you yourself did."

The court imposed an aggregate sentence of 17 years, consisting of the low term of two years for the conviction on count 1, plus 15 years for the 5 three-year enhancements pursuant to section 11370.2.  The court imposed a concurrent sentence of 365 days with respect to count 2, and it stayed the sentences with respect to the prison prior enhancements.

## II.  DISCUSSION

## A.  Defendant Demonstrates No Prejudicial Instructional Error with Respect to the Transportation for Sale Charge (Count 1).

Defendant contends with respect to his conviction on count 1 that the jury's instructions did not properly explain the requirement that defendant not only intended to transport a controlled substance, but intended to transport it *for sale*.  We find no prejudicial error.

*1.  Background Regarding Section 11379 and CALCRIM No. 2300.*

Prior to January 1, 2014, section 11379 provided that any person who "transports" specified controlled substances, including methamphetamine, shall be punished by imprisonment.  (Former § 11379, subd. (a); Stats. 2011, ch. 15, § 174.)  The courts had interpreted the word "transports" to include transporting controlled substances for personal use.  (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993)

9

13 Cal.App.4th 668, 673-677 [Fourth Dist., Div. Two].) The statute provided enhanced penalties for a person who "transports for sale," as opposed to for some other purpose, but a defendant could be convicted of the offense without proof of intent to sell. (Former § 11379; Stats. 2011, ch. 15, § 174.)

Effective January 1, 2014, the Legislature amended section 11379 to limit the meaning of "transports" under that statute to transportation "for sale." (§ 11379, subds. (a), (c); Stats. 2013, ch. 504, § 2.) "The amendment explicitly intended to criminalize the transportation of drugs for the purpose of sale and not the transportation of drugs for nonsales purposes such as personal use." (*People v. Eagle* (2016) 246 Cal.App.4th 275, 278 (*Eagle*).)

The standard jury instruction for section 11379 offenses, CALCRIM No. 2300, was amended by its authors to reflect the 2014 amendment to that statute by inserting the words "for sale" after the word "transported": "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant (. . . transported for sale . . .) a controlled substance; . . . ."[10] (CALCRIM No. 2300, August 2014 update.) The term "transports" is defined in the form instruction, as is the word "selling," but there is no separate gloss on the phrase "for sale." (CALCRIM No. 2300.)

---

[10] Prior to the January 1, 2014, statutory amendment, the CALCRIM instructions did not include guidance on how to instruct the jury with respect to people charged with transportation for sale under the enhanced penalty provisions of former section 11379, subdivision (b). (Former CALCRIM No. 2300 (2014).)

This amendment to CALCRIM No. 2300 did not conform it to the instructions for other offenses with an identical "for sale" element. Section 11378, for example, applies to a person who "possesses for sale a controlled substance," and section 11359 applies to a person who "possesses for sale any marijuana." (§§ 11378, 11359.) The standard instructions for these offenses each explicitly and separately explain the "for sale" aspect of the offense as a separate element from the physical act of possessing the controlled substance: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant [unlawfully] possessed a controlled substance; [¶] . . . .[¶] 4. When the defendant possessed the controlled substance, (he/she) intended (to sell it/[or] that someone else sell it); . . . ."[11] (CALCRIM Nos. 2302, 2352; see also CALCRIM Nos. 2381, 2391 [regarding sale of controlled substances to minors].)

2. *Standard of Review.*

We review the wording of a jury instruction de novo to assess whether the instruction correctly states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) A jury instruction omitting an essential element from the jury's consideration requires reversal unless the error was harmless beyond a reasonable doubt. (*People v. Flood* (1998) 18 Cal.4th 470, 502-503.)

"'In reviewing [a] purportedly erroneous instruction[], "we inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way'

_____

**11** The clause "[or] that someone else sell it" is a recent addition to these CALCRIM instructions, inserted only in 2016, although it reflects appellate authority of rather older vintage. (See *People v. Parra* (1999) 70 Cal.App.4th 222, 227 (*Parra*); *People v. Consuegra* (1994) 26 Cal.App.4th 1726, 1732, fn.4 (*Consuegra*).)

11

that violates the Constitution."'" (*People v. Richardson* (2008) 43 Cal.4th 959, 1028.) The instructions must be viewed in the context of all the instructions given to the jury "rather than in artificial isolation." (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.) We "'assume that jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given.'" (*Richardson*, *supra*, at p. 1028.) "'Moreover, any theoretical possibility of confusion [may be] diminished by the parties' closing arguments . . . .'" *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1220 (*Hajek*), abrogated on other grounds by *People v. Rangel* (2016) 62 Cal.4th 1192.) "'Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation.'" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

   *3. Analysis.*

   As an initial matter, we acknowledge the People's argument that defendant forfeited any claim of instructional error by failing to raise it in the trial court. Defendant disputes that there was any forfeiture. We decline to decide whether there was any forfeiture; even if there were, we would exercise our discretion to address the issue on the merits to forestall a claim of ineffective assistance of counsel. (See *People v. Riel* (2000) 22 Cal.4th 1153, 1192 (*Riel*).) We therefore turn to the merits of defendant's claim of error.

   We are not persuaded that the jury's instructions, taken as a whole, constituted an incorrect statement of the law regarding the specific intent element of the offense of transporting a controlled substance for sale. The jury was instructed using CALCRIM

12

No. 251 that both charged offenses were specific intent crimes, requiring "proof of the union, or joint operation, of act and wrongful intent"; it was also instructed using CALCRIM No. 2300 that to convict defendant on count 1, it would have to find that he "transported for sale" a controlled substance. Correlating these two instructions, using a plain common sense reading, the jury was adequately instructed that the prosecution was required to prove not only that defendant intended to transport methamphetamine, but that he intended to transport it "for sale," as required for a conviction under the current version of section 11379.

Even assuming for purposes of argument that the instructions were open to interpretations that would be erroneous, the parties' closing arguments, particularly the prosecution, diminished any possibility of confusion. (See *Hajek, supra*, 58 Cal.4th at p. 1220.) The prosecutor emphasized that both charged counts included a specific intent element, and told the jury that to convict defendant of count 1, it would have to find that "while [defendant] was transporting the controlled substance, he had to have the intent that at some point later on down the road he was going to sell." Defense counsel, too, emphasized in closing the "for sale" element of the transportation for sale charge.

Contrary to defendant's speculation that the jury might just have "found [he] transported the drugs, ignoring the 'for sale' language entirely," the jury's first written communication with the trial court during deliberations establishes that the jury was in fact well aware that both of the "greater charges" had a "sale part." Moreover, the jury's note does not demonstrate any confusion about the "for sale" element of the charges, as defendant would have it; the note does not ask for any clarification of what that phrase

13

means. Rather, the note is most plausibly read to indicate that the jury was focused on that element of the offenses, and that they had not yet reached a consensus about whether the evidence established the element beyond a reasonable doubt.

Similarly, the jury's second note to the court demonstrates that it understood its instructions regarding count 1 to require that defendant have transported a controlled substance "for sale" to be guilty of the offense. Otherwise, the jury would have seen nothing worthy of comment in the circumstance that the verdict form described the offense as "transportation of a controlled substance," (some capitalization omitted) rather than "transportation for sale of a controlled substance."

Defendant contends that the jury's verdicts—on count 1, guilty of transportation for sale; on count 2, not guilty on the charged offense of possession for sale, but guilty on the lesser included offense of simple possession—demonstrate that the jury "likely believed the prosecution either did not need to prove the 'for sale' element of transportation for sale or did not need to prove any form of wrongful intent by [defendant] on the 'for sale' element of transportation for sale." We disagree.

Defendant's contention is not unreasonable on its face. As a matter of law, the specific intent requirement for the offense of possession for sale and transportation for sale is analogous; each requires that the defendant have acted with the intention that the controlled substance at issue be sold, either by the defendant personally or by someone else. (*Parra, supra*, 70 Cal.App.4th at p. 227; *Consuegra, supra*, 26 Cal.App.4th p. 1732, fn.4; *Eagle, supra*, 246 Cal.App.4th at p. 278.) It is odd, then, that a properly instructed

14

jury would convict a defendant of transporting for sale a package of a controlled substance, but acquit him of possessing for sale the same package.

In this case, however, the jury was instructed on possession with the then-current version of CALCRIM No. 2302, which on its face provided a more restrictive description of the required specific intent: "When the defendant possessed the controlled substance, *he intended to sell it*." (Italics added.) The transportation for sale instruction, CALCRIM No. 2300, was not similarly open to the interpretation that the offense was limited to sales conducted by defendant personally, requiring only that defendant "transported for sale" a controlled substance. So instructed, it was rational for the jury to have concluded that there was reasonable doubt as to whether defendant intended to sell the methamphetamine in his possession himself, but that there was no reasonable doubt he was transporting it "for sale" by someone, and to have returned the verdicts it did on that basis.

In short, in the circumstances of the present case, we find no reasonable likelihood that the jury applied its instructions in a manner that omitted the "for sale" element of the transportation for sale offense. Quite the contrary, it seems that the jury applied the appropriate standard for the transportation for sale offense, but defendant likely benefitted from the jury applying a rational (given the wording of its instructions), but actually overly restrictive definition of the specific intent requirement on the possession charge.

Nevertheless, although CALCRIM No. 2300 tracks the language of section 11379, it is at best questionable whether, standing alone, the instruction adequately explains the

specific intent element of the offense. In our view, the Judicial Council of California, which promulgates the CALCRIM instructions, should consider conforming the standard instruction for transportation for sale offenses under section 11379 to the instructions for other offenses with an analogous "for sale" element. Additionally, unless and until the standard instruction is amended, trial courts should consider modifying the instruction to be more explicit regarding the required intent. (See *People v. Miranda* (2008) 161 Cal.App.4th 98, 109-110 (conc. opn. of Sims, J.) [quoting modified instruction given by trial court in transportation for sale case under former section 11379].)

**B. The Trial Court Did Not Fail to Adequately Answer Questions From the Jury.**

Defendant argues that the trial court abused its discretion by failing to adequately respond to the jury's questions during deliberations. We find no abuse of discretion.[12]

The Supreme Court has held that Penal Code section 1138 imposes on the trial court a mandatory "duty to clear up any instructional confusion expressed by the jury." (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1212 (*Gonzalez*), superseded by statute on other grounds as stated in *In re Steele* (2004) 32 Cal.4th 682, 691.) "When a jury asks a question after retiring for deliberation, '[Penal Code] [s]ection 1138 imposes upon the court a duty to provide the jury with information the jury desires on points of law.' [Citation.] But '[t]his does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court

_____

[12] Again, we acknowledge the People's argument that defendant forfeited the issue, but decline to decide it, because we would, regardless of any forfeiture, exercise our discretion to address the issue on the merits to forestall a claim of ineffective assistance of counsel. (See *Riel, supra*, 22 Cal.4th at p. 1192.)

16

has discretion under [Penal Code] section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information.' [Citation.] We review for an abuse of discretion any error under [Penal Code] section 1138." (*People v. Eid* (2010) 187 Cal.App.4th 859, 881-882.)

The trial court abuses its discretion if it refuses to offer any further instruction without first considering how it can best aid the jury. (See *People v. Beardslee* (1991) 53 Cal.3d 68, 96.) However, the trial court does not abuse its discretion when it determines the best way to aid the jury is by directing the jury to reread the applicable jury instructions that "are themselves full and complete." (*Gonzalez, supra*, 51 Cal.3d at p. 1213.) Additionally, the court need not give the jury more information than it asks for. (*People v. Anthony* (1912) 20 Cal.App. 586, 595.) A court's failure under Penal Code section 1138 to adequately answer a jury's question "is subject to the prejudice standard of *People v. Watson* [(1956)] 46 Cal.2d 818, 836," i.e., whether the error resulted in a reasonable probability of a less favorable outcome. (*People v. Roberts* (1992) 2 Cal.4th 271, 326.)

Here, the trial court fulfilled its duty under Penal Code section 1138 when it responded to the jury's first note. The jury asked what to do if it could not reach a verdict. The trial court, in addition to inquiring about which count or counts gave rise to the question, directly answered the question posed, instructing the jury to reach a verdict or verdicts if possible, providing instruction on general methods to facilitate deliberations, and then ordering the jury to continue deliberating.

17

Defendant asserts that the trial court, when it learned that the jury was deadlocked on the "'sale part of the greater charges,'" should have "informed the jury that transportation for sale has no lesser charge." We disagree. The jury did not request information about any lesser included charges of the transportation for sale offense, and such an answer would not have been responsive to the question the jury asked. And, as discussed above, we reject defendant's assertion that the note demonstrates jury "confusion" about the "for sale" element of the offense.

We also find no error with respect to the trial court's response to the jury's third note. The jury asked for the definition of two terms; the trial court appropriately directed them to the jury instructions where their definitions, which defendant has not claimed to be incomplete or incorrect, could be found. (*Gonzalez, supra*, 51 Cal.3d at p. 1213.)

Whether the trial court erred in its response to the jury's second note is a somewhat closer question. The jury pointed out two perceived issues with its verdict forms; the words "for sale" were included in the description of the offense on the verdict form for the lesser included offense of count 2, simple possession, and the same words were omitted from the description of the offense for count 1, violation of section 11379. The trial court affirmatively responded only to one of these issues, providing the jury with new verdict forms for simple possession, while the verdict forms the jury was provided to indicate its verdict on count 1 continued to describe the offense as "transportation of a controlled substance," not "transportation for sale of a controlled substance." (Some capitalization omitted.)

18

Nevertheless, we do not find any violation of the trial court's duty under Penal Code section 1138. As discussed below, we are not persuaded that the description of the offense in the verdict form was erroneous. Viewed in that light, the trial court was under no obligation to respond to the jury's second note by providing a modified set of verdict forms for count 1, as it properly did with the respect to the erroneous verdict forms for simple possession.

Additionally, we find no reasonable likelihood that the jury failed to understand the transportation for sale offense required the prosecution to prove defendant intended to transport a controlled substance *for sale*; the jury instructions, taken as a whole, adequately instructed on the issue; attorney argument from both the prosecution and defendant further reduced the likelihood of any confusion; and the jury's own questions demonstrate its understanding that defendant's intent to sell was an element of the offense. As such, defendant fails to demonstrate any prejudice arising from any arguable error in the trial court's responses to juror questions.

## C. The Description of the Offense in the Verdict Form for Count 1 Does Not Constitute Prejudicial Error.

Defendant argues that the omission of the words "for sale" in the description of the offense on the verdict form used by the jury for count 1—"transportation of a controlled substance" (some capitalization omitted)—constitutes reversible error.[13] We are not

---

[13] The verdict form reads in its entirety as follows: "We, the jury in the above-entitled action, find the defendant, DAVID ISMAEL LUA, guilty of a violation of section 11379, subdivision (a), of the Health and Safety Code, TRANSPORTATION OF

*[footnote continued on next page]*

persuaded that the description was erroneous, but to the extent it was, any error was harmless.

"In general, a verdict form need not restate the legal principles provided in proper instructions." (*People v. Ochoa* (1998) 19 Cal.4th 353, 426.) Nevertheless, "a verdict form may not state principles 'contrary to the instructions given,' [citation] for doing so might cause the jury to disregard or discount those principles." (*Id.* at p. 427.)

The verdict form at issue does not on its face purport to state any legal principles, let alone legal principles that are contrary to the jury's instructions. It is does not list out the elements of the offense required for the jury to return a conviction, as a special verdict form might do. It only identifies the offense charged as count 1, and allows the jury to return a general verdict. Defendant's notion that the form is "akin to a jury instruction that omitted an element of the offense" is unpersuasive, and his reliance on authority involving special verdict forms that break out the elements of a criminal offense or civil claim for the jury to consider as separate questions is misplaced.

Defendant argues that the verdict form incorrectly identified the charge by omitting the words "for sale" from the description of the offense. But the description of the offense mirrors the statutory language of section 11379: subdivision (a) of section 11379 states that the section applies to "every person who transports . . . any controlled substance . . . ."; separately, in subdivision (c), the definition of the word "transports" is

*[footnote continued from previous page]*
*[footnote continued from previous page]*
A CONTROLLED SUBSTANCE, a felony, as charged under count 1 of the Amended Information."

20

limited to "transport for sale" in the current version of the statute. (§ 11379, subds. (a), (c).) Similarly, here, the verdict form identified the offense charged as count 1 as "transportation of a controlled substance," while the jury's instructions separately specify that to convict defendant, it must find he "transported for sale a controlled substance." We are therefore not persuaded that "transportation of a controlled substance" is an erroneous description of the offense, even if "transportation for sale of a controlled substance" is more complete.

Furthermore, as discussed above, the present record demonstrates that the jury in the present case was well aware that the offense charged in count 1 required the prosecution to prove defendant intended to transport a controlled substance *for sale*, regardless of the omission of those words from the description of the offense on the verdict form. To the extent that the description of the offense on the verdict form constituted error—and we are not persuaded that it did—the error was harmless, under any standard for determining prejudice.

## D. The Cumulative Error Doctrine Does Not Apply.

Defendant contends the cumulative error doctrine applies to his asserted claims of instructional error. Under that doctrine, the cumulative effect of several trial errors may be prejudicial even if they would not be prejudicial when considered individually. (See *People v. Sanchez* (1995) 12 Cal.4th 1, 60, 63-64, overruled in part on other grounds by *People v. Doolen* (2009) 45 Cal.4th 390, 421.) Here, however, we have found no error, though we have considered the issue of prejudice as an alternative basis for rejecting defendant's claims of error. As such, the cumulative error doctrine does not apply.

21

Additionally, again in the alternative, we find any arguable errors also to be harmless when considered collectively, for the same reasons we have found no prejudice from them individually.

**E. The Trial Court May Not Have Properly Understood the Scope of Its Sentencing Discretion, Requiring Reversal for Resentencing.**

Defendant argues that the trial court abused its discretion by failing to understand the scope of its sentencing discretion, and in particular its discretion to dismiss or strike one or more of his section 11370.2 enhancements. We find the record to be ambiguous, but to contain enough support for defendant's claim of error to warrant remand.

Penal Code section 1385 allows a judge the discretion to dismiss or strike a sentencing enhancement, or strike the additional punishment for the enhancement, in furtherance of justice. (Pen. Code, § 1385, subds. (a), (c)(1).) A trial court's "refusal or failure to dismiss or strike a prior conviction allegation under [Penal Code] section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) An abuse of discretion occurs, for example, "where the trial court was not 'aware of its discretion' to dismiss [citation] or where the court considered impermissible factors in declining to dismiss [citation]." (*Id.* at p. 378.) "Where the record is silent [citation], or "[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance."" (*Ibid.*)

22

There are aspects of the record in the present case that tend to suggest the trial court was well aware of its discretion to strike defendant's Health and Safety Code section 11370.2 enhancements pursuant to Penal Code section 1385, and simply chose not to exercise that discretion. On the People's motion, the trial court exercised its discretion under Penal Code section 1385 to dismiss another enhancement, for committing the charged crime while out on bail (Pen. Code, § 12022.1). Also, although the trial court commented that defendant's 17-year aggregate sentence was "a high price to pay" and "very substantial sentence," it also commented that defendant had "earned it" and "earned, quite frankly, potentially more." The court characterized the 17-year sentence as "consistent" with defendant's past and current offenses.

In addition, it is notable that the trial court stayed the sentences associated with three prison prior enhancement allegations that it had found true. (Pen. Code, § 667.5, subd. (b).) Though no party has raised the issue on appeal, this action was unauthorized: "Once the prior prison term is found true within the meaning of [Penal Code] section 667.5, [subdivision] (b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Even though unauthorized, however, these stays are arguably indicative of the trial court attempting to exercise its discretion to reach what it viewed to be an appropriate sentence of 17 years, and an implicit finding that the interests of justice did not justify any further reduction of the sentence.

Nevertheless, parts of the record tend to suggest that the trial court did not understand it had the authority to impose a sentence of less than 17 years, by striking one

23

or more of the five section 11370.2 enhancements. The trial court characterized the 17-year sentence as "the lowest sentence possible," and the "minimum." Perhaps the trial court intended only to express its intention to impose the low term of two years for the conviction on count 1, along with the terms associated with the enhancements, having affirmatively (but implicitly) exercised its discretion not to strike them. But these statements are equally well understood to indicate that the trial court believed had no means to impose any sentence lower than 17 years, if it was going to "follow the law." If the latter is true, the trial court misunderstood the scope of its discretion under Penal Code section 1385.

In short, on the present record, we cannot say that it is clear that the trial court recognized it had discretion to strike one or more of defendant's section 11370.2 enhancements, and expressly declined to do so. (*Cf. People v. Deloza* (1998) 18 Cal.4th 585, 600 [finding trial court expressly declined to strike a prior felony conviction, but misunderstood scope of its discretion to impose concurrent sentences].) Nor is the record silent on the issue, justifying a presumption in favor of the judgment. (*Carmony, supra*, 33 Cal.4th at p. 378.) We do not agree with defendant's argument that the record conclusively establishes that the trial court misunderstood the scope of its discretion to strike one or more of the enhancements, but we do find that some of the trial court's comments during sentencing raise serious doubts in that regard. In the face of such an ambiguous record, it is appropriate to remand the matter to the trial court to consider the matter under the correct standard, to the extent it has not already done so.

## F. Defendant's Arguments Regarding Cruel and Unusual Punishment Are Moot.

In light of our conclusion that the matter must be remanded for resentencing, defendant's arguments that his sentence constituted cruel and unusual punishment are moot.[14]

## III.  DISPOSITION

The cause is remanded for resentencing to allow the trial court to consider, to the extent it has not already done so, whether some or all of the enhancements of defendant's sentence previously imposed pursuant to Health and Safety Code section 11370.2, subdivision (c), should be stricken pursuant to Penal Code section 1385.  The trial court shall strike the three prison prior enhancements (Pen. Code, § 667.5), which were erroneously stayed.  In all other respects, the judgment is affirmed.

CERTIFIED FOR PUBLICATION


          HOLLENHORST
                          Acting P. J.

We concur:

    MILLER
              J.

---

[14]  Ruling on defendant's December 24, 2015, request for judicial notice was reserved for consideration with this appeal.  No opposition to the request was filed, and it will be granted on that basis.  (Cal. Rules of Court, rule 8.54, subd. (c).)

The disposition of this appeal does not require discussion of any of the documents noticed.  Nevertheless, we note that the noticed documents include evidence intended to support defendant's arguments regarding cruel and unusual punishment, which were not presented to the trial court at his initial sentencing.  Because the matter is in any case being remanded for resentencing, we need not consider the propriety of presenting such new evidence on appeal; the trial court may consider it in the first instance on remand.

SLOUGH

J.