Filed 11/13/25  P. v. Balogh CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081794 |
| v. | (Super.Ct.No. FVI22002567) |
| JAMES LEVI BALOGH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant and appellant James Levi Balogh was convicted of one count of second degree robbery (Pen. Code,[1] § 211, subd. (a)) as the result of an incident in which he allegedly pushed a retail store manager while attempting to exit the store without paying for merchandise.  On appeal, defendant contends the judgment must be reversed because: (1) the trial court failed to properly respond to a jury question regarding the type of force necessary to constitute robbery; (2) the trial court failed to properly respond to a jury question regarding when force must be exerted in the course of a robbery; (3) the trial court erroneously admitted "speculative and irrelevant" testimony by the store manager; (4) the trial court erroneously admitted evidence related to prior uncharged misconduct by defendant; (5) the trial court erroneously sustained an objection to a statement made by defense counsel during closing argument; and (6) the cumulative impact of these errors warrants reversal even if any single error was not sufficiently prejudicial.  We conclude that reversal is not warranted on any of these grounds and affirm the judgment.[2]

## II.  BACKGROUND[3]

In August 2023, defendant entered a clothing retail store; grabbed multiple items

---

[1]  Undesignated statutory references are to the Penal Code.

[2]   Defendant has also filed a petition for writ of habeas corpus, considered with this appeal, and we address the matter by separate order.  (*In re Balogh* (case No. E084248).)

[3]  Because defendant does not challenge the sufficiency of the evidence to support his conviction, we only briefly summarize the evidence necessary to provide context for his claims of error on appeal.

from the store; and attempted to walk out the door. The store manager confronted defendant near the store's exit and testified that defendant pushed her while attempting to exit the store. As a result of this incident, defendant was charged with one count of robbery. (§ 211, subd. (a).) The information also alleged that defendant had suffered three prior convictions qualifying as serious felonies, as well as prior strike offenses. (§§ 667, subds. (a)(1), (b)-(i); 1170.12, subds. (a)-(d).)[4]

At the time of trial, the store manager testified that, as defendant was attempting to exit the store with merchandise in his hands, she attempted to step in defendant's path to prevent him from exiting the store, and defendant bumped or shoved her out of the way. Defendant disputed whether this testimony was sufficient to show the requisite degree of force necessary to constitute robbery, arguing that video surveillance of the incident did not clearly depict the events as described by the store manager and that any physical contact was only incidental to defendant's attempt to exit the store.

The trial court instructed the jury pursuant to CALCRIM No. 1600[5] and

---

[4] Additionally, it was alleged that defendant used a knife in the commission of the robbery (§ 12022, subd. (b)(1)), but this allegation was dismissed prior to trial.

[5] CALCRIM No. 1600 provides in part that "To prove that defendant is guilty of [robbery], the People must prove that: (1) The defendant took property that was not his own; (2) The property was in possession of another person; (3) The property was taken from the other person or his or her immediate presence; (4) The property was taken against that person's will; (5) The defendant used force or fear to take the property or to prevent the person from resisting; and (6) When the defendant used force or fear, he intended to deprive the owner of the property permanently."

3

CALCRIM No. 1800[6] setting forth the essential elements of robbery as well as theft as a lesser included offense. The jury was further instructed that it should consider the instructions for each offense, but that it could not convict defendant of a lesser included offense unless it first concluded the defendant was not guilty of the greater offense. Finally, the jury was instructed pursuant to CALCRIM No. 200 that words and phrases that were not specifically defined in the instructions should be applied using their "ordinary, everyday meanings."

During deliberation, the jury submitted a series of questions to the trial court. The questions included the following: "Is force applied against an object the same as force applied to a person?" In response, defense counsel urged the trial court to give a supplemental instruction based upon language taken from *People v. Garcia* (1996) 45 Cal.App.4th 1242 (*Garcia*), overruled in part by *People v. Mosby* (2004) 33 Cal.4th 353, 365, stating: " 'The force required for robbery must be more than the incidental touching necessary to take the property.' " However, the trial court noted that defense counsel's proposed response would not answer the jury's actual question about whether there is a difference between force applied against a person and force applied against an object. Instead, the trial court proposed directing the jury back to CALCRIM No. 200. In

---

[6] CALCRIM No. 1800 provides in part that: "To prove that the defendant is guilty of [theft], the People must prove that: (1) The defendant took possession of property owned by someone else; (2) The defendant took the property without the owner's or owner's agent's consent; (3) When the defendant took the property, he intended to deprive the owner of it permanently; and (4) the defendant moved the property, even a small distance, and kept it for any period of time, however brief."

4

response, defense counsel stated: "If the Court's inclination is to put—to highlight 200 for them, I'm ok with that. I think that 'Yes' is a misleading answer."

The jury also submitted the following question: " 'Does force need to be applied when items are taken into [defendant's] hand, or does it count if force is applied only when leaving the building?' " Defense counsel renewed his request that the jury be instructed with a supplemental instruction taken from the language in *Garcia*. The trial court again noted that defense counsel's proposed response would not answer the specific question posed by the jury, which related to the time when force needed to be applied. Ultimately, the trial court decided to refer the jury back to element 5 of the pattern instructions for robbery, as well as the standard instructions regarding theft.

The jury found defendant guilty of second degree robbery and, in a bifurcated proceeding, the trial court found true the special allegations that defendant had suffered three prior convictions qualifying as serious felonies and strike offenses. The trial court granted a motion to dismiss the serious felony enhancements pursuant to section 1385 and sentenced defendant to a term of 25 years to life in state prison pursuant to the alternate sentencing scheme of the three strikes law.

### III. DISCUSSION

A. *The Trial Court Did Not Err in Responding to the Jury's Questions*

We first address defendant's claims that the trial court erred when responding to the questions submitted by the jury during deliberation. We conclude that the record does not show an abuse of discretion warranting reversal.

1. General Legal Principles and Standard of Review

Section 1138 generally provides, "After the jury have retired for deliberation, . . . if they desire to be informed on any point of law arising in the case, . . . the information required must be given . . . ." (§ 1138.) Our Supreme Court has explained that section 1138 "imposes on the trial court a mandatory 'duty to clear up any instructional confusion expressed by the jury.' " (*People v. Lua* (2017) 10 Cal.App.5th 1004, 1016 (*Lua*); *People v. Beardslee* (1991) 53 Cal.3d 68, 97.) However, "[t]his does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information." (*Beardslee*, at p. 97; *People v. Moore* (1996) 44 Cal.App.4th 1323, 1331 (*Moore*); *People v. Brooks* (2017) 3 Cal.5th 1, 97 (*Brooks*).)

"An appellate court applies the abuse of discretion standard of review to any decision by a trial court to instruct, or not to instruct, in its exercise of its supervision over a deliberating jury." (*People v. Waidla* (2000) 22 Cal.4th 690, 745-746 (*Waidla*).) Additionally, any "failure under [section 1138] to adequately answer a jury's question 'is subject to the prejudice standard of *People v. Watson* [(1956)] 46 Cal.2d 818, 836 . . . ,' i.e., whether the error resulted in a reasonable probability of a less favorable outcome." (*Lua*, *supra*, 10 Cal.App.5th at p. 1017.)

2. Question Regarding the Application of Force

Defendant claims that the trial court abused its discretion when answering the jury's question asking whether the law recognized any distinction between force applied

6

to an object as opposed to force applied to a person for purposes of robbery. Specifically, defendant contends that the trial court should not have redirected the jury back to the standard instructions but should have instead responded by instructing the jury either "(1) that any forc[e] applied by defendant against an object must have indirectly caused force to be applied against [the victim] and such force must have been sufficient to overcome [the victim's] resistance or (2) that the force required for robbery must be more than the incidental touching necessary to take the property." Even assuming this claim has not been forfeited, we find no abuse of discretion in the trial court's response to this question.

First, it is well settled that " '[t]he terms "force" and "fear" as used in the definition of the crime of robbery have no technical meaning peculiar to the law and must be presumed to be within the understanding of jurors.' " (*People v. Griffin* (2004) 33 Cal.4th 1015, 1025-1026; *People v. Anderson* (1966) 64 Cal.2d 633, 640.) And "there is no duty to clarify, amplify, or otherwise instruct on commonly understood words or terms used in statutes or jury instructions." (*Griffin*, at p. 1022; *People v. Fromuth* (2016) 2 Cal.App.5th 91, 108.) This is true even where a deliberating jury specifically asks the trial court for further definition. (*People v. Raley* (1992) 2 Cal.4th 870, 901 [trial court did not err by refusing to provide a definition for the phrase " 'sadistic purpose' " in response to a jury question where the phrase has no specific legal definition], superseded by statute as to other issues as stated in *Brooks*, *supra*, 3 Cal.5th at pp. 62-63.) Thus, the fact that the jury requested a more detailed definition of the term "force" does not necessarily require the trial court to further define the term.

7

Second, where the pattern jury instructions are themselves a complete and correct statement of the law, it is generally not an abuse of discretion for the trial court to redirect the jury to those instructions. (*Brooks*, *supra*, 3 Cal.5th at p. 97; *Moore*, *supra*, 44 Cal.App.4th at p. 1331; *People v. Tate* (2010) 49 Cal.4th 635, 707 [where instruction already given was clearly a correct statement of the law, trial court did not abuse its discretion to reinstruct the jury with the same instruction in response to a request for clarification]; *Lua*, *supra*, 10 Cal.App.5th at p. 1017 [no abuse of discretion to direct jury to instructions already given where instructions were not incomplete or incorrect].) Defendant does not contend on appeal that the pattern jury instructions were themselves incomplete or incorrect, only that the trial court's duty to further instruct was triggered by the jury's question. Because the trial court's initial instructions to the jury were already a complete and correct statement of the law, we cannot conclude that it was unreasonable for the trial court to redirect the jury to the relevant pattern instructions in response to the jury's question.

Finally, we disagree with defendant's contention that "[b]ecause of the evidence presented at trial, it was crucial for the trial court to instruct the jury that to find defendant guilty of robbery . . . , the jury had to find *both* that his use of force against the door indirectly applied force against [the victim] *and* his use of force overcame [the victim's] resistance." When formulating a response to a jury question, the trial court must consider whether "any detailed response to the question would [] thrust the court into the jury's role of deliberating. . . . 'When a question shows the jury has focused on a particular issue, or is leaning in a certain direction, the court must not appear to be an advocate,

8

either endorsing or redirecting the jury's inclination.' " (*People v. Montero* (2007) 155 Cal.App.4th 1170, 1180.)  As the trial court correctly noted, defendant's proposal to instruct the jury regarding language from *Garcia* related to the quantum of force would not have answered the actual question posed by the jury.  Even if tangentially related, a response focused on an issue that the jury did not actually raise risked improperly redirecting the jury to focus on specific factual matters as part of its deliberation.  In this context, it was reasonable for the trial court to decline to give such a detailed response.

For the reasons set forth above, we conclude the trial court did not abuse its discretion by redirecting the jury to the pattern instructions already given in response to the jury's question.  Given this conclusion, we need not address defendant's arguments regarding whether any error was prejudicial and need not consider defendant's additional argument that his counsel was ineffective for failing to properly object to the trial court's response.  (*People v. Carter* (2003) 30 Cal.4th 1166, 1214 ["Absent any error in the trial court's response, defendant's derivative claim of ineffective assistance of counsel in the failure to demand that the court specifically address the jury's inquiries likewise must fail."].)

3. <u>Question Regarding the Timing of the Use of Force</u>

Defendant claims that the trial court erred when responding to the jury's question, asking:  " 'Does force need to be applied when items are taken into [defendant's] hand, or does it count if force is applied only when leaving the building[?]' "  Specifically, defendant contends that, in response, the trial court should have given a requested pinpoint instruction advising that the quantum of force must be more than that necessary

9

to accomplish the taking. Again, we find no abuse of discretion[7] in the trial court's response to this question.

Here, the trial court recognized that defendant's proposed pinpoint instruction regarding the quantum of force did not address the actual question posed by the jury, which related to the timing of when force must be used.[8] Indeed, defendant concedes on appeal that his requested pinpoint instruction "did not directly address [the jury's question], which concerned when force must be used to transform a theft into a robbery." As we have already explained, a response that refocuses the jury's attention to an issue that was not directly raised by the jury's question would have risked improperly intruding into the jury's deliberative process. Such a response risked suggesting to the jury that its concern regarding timing was unimportant and, instead, it should be focused on the quantum of force. But both the timing and quantum of force are factual issues that the

---

[7] We disagree with defendant's attempt to recast this claim as a refusal to give a requested pinpoint instruction subject to de novo review. The request by defense counsel to further instruct the jury on issues related to the quantum of force occurred exclusively in the context of discussions regarding proposed responses to the jury's questions. Although " '[w]e review de novo the legal accuracy of any supplemental instructions provided' " (*People v. Fleming* (2018) 27 Cal.App.5th 754, 765-766), it has long been recognized that the decision whether to give a supplemental instruction in the first instance is a matter of discretion (*Waidla*, *supra*, 22 Cal.4th at pp. 745-746). A decision to redirect the jury to instructions that have already been given is a decision not to give supplemental instruction.

[8] Specifically, the trial court stated: "I don't think that [*Garcia*] answers this question. This question to me is as to the time. . . . [¶] . . . I do think that the *Garcia* case, it goes to the level of force. In this situation it does not appear to me that they're concerned with the level of force but rather when force is used."

10

jury must resolve in the deliberative process, and a response that suggests the jury should focus on one factual issue instead of the other would have been improper. In this context, it was not an abuse of discretion for the trial court to refuse to give defendant's proposed pinpoint instruction as a response to the jury's question.

Further, even if we were to review the trial court's actual response de novo, the response was legally correct. The trial court redirected the jury to element 5 of the pattern instructions regarding robbery, which specified that force can be used either to accomplish the taking or to prevent resistance. This provided a direct answer to the question of whether the force must be "applied when items are taken into [defendant's] hand." The trial court further redirected the jury to the pattern instructions regarding theft as a lesser included offense, which was sufficient to advise the jury that any force must be more than that necessary to merely accomplish the taking.[9]

Thus, we find no abuse of discretion in the trial court's decision not to give any further instruction in response to the jury's question and, instead, redirect the jury to pattern instructions that were already given. Because we conclude the trial court did not abuse its discretion, we need not address the parties' arguments regarding whether any alleged error was prejudicial or whether defense counsel was ineffective for failing to

_____

[9] We observe that while defendant relies heavily on language in *Garcia* to argue that his pinpoint instruction was warranted, *Garcia* actually stands for the proposition that the trial court should give instructions on theft as a lesser included offense when there is a factual dispute regarding the quantum of force. (*Garcia, supra*, 45 Cal.App.4th at p. 1242.) Thus, in redirecting the jury to the pattern instructions on both robbery and theft, the trial court here took the very course of action which *Garcia* held to be the appropriate method to instruct the jury.

11

sufficiently object.

B. *The Trial Court Did Not Err in Admitting Evidence*

Defendant also contends that the trial court erred by (1) admitting "speculative and irrelevant" testimony by the store manager regarding why she felt fear during the incident; and (2) admitting evidence related to prior uncharged misconduct by defendant. "Broadly speaking, an appellate court applies the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence." (*Waidla*, *supra*, 22 Cal.4th at p. 717.) As we explain, we find no abuse of discretion with respect to the trial court's decision to admit evidence related to either of these issues.

1. "Speculative and Irrelevant" Testimony by Store Manager

During her testimony, the store manager was asked whether she subjectively felt fear at the time of the robbery. On redirect, she was asked "Why were you scared?" In response, the manager answered, "You never know what can happen. There's so much that goes on now. People can shoot you, people can stab you, people can punch you. They can just try to hit you, knock you to the ground." Defendant contends that this testimony was inadmissible as "speculative and irrelevant." We disagree.

Evidence of a victim's fear is admissible under Evidence Code section 1250 when the victim's state of mind is relevant to an element of the offense. (*People v. Harris* (2013) 57 Cal.4th 804, 843-844; *People v. Kovacich* (2011) 201 Cal.App.4th 863, 884-885; Evid. Code, § 1250.) In a prosecution for robbery, it is "well settled" that the People must prove the victim was subjectively in fear and "the victim's subjective fear may be proven (1) directly, through the victim's statements about his or her state of mind, or

12

(2) circumstantially, by 'infer[ring the victim's actual fear] from the circumstances in which the property [was] taken.' " (*People v. Collins* (2021) 65 Cal.App.5th 333, 340-341.) Thus, we disagree with defendant's contention that the store manger's testimony was irrelevant. Because the victim's subjective fear is directly at issue in a robbery prosecution, the store manager's testimony about her state of mind and the reasons why she felt any fear were relevant and admissible.[10]

Additionally, we are unpersuaded by defendant's contention on appeal that this testimony was speculative because it was "offered as evidence of what defendant actually did." Defendant has not cited anything in the record to support this assertion. The jury instructions did not suggest the store manager's testimony should be considered for this purpose;[11] there is no indication in the record that the prosecution urged the jury to consider the store manager's testimony for any purpose other than to establish her subjective fear; and none of the jury's questions during deliberation suggested that it believed it could consider the manager's testimony for this purpose.

Because the store manager's testimony regarding her subjective fear was directly

---

[10] The fact that the store manager's testimony may have been speculative is beside the point. If the victim's subjective fear is the result of speculation unrelated to any circumstances surrounding the alleged robbery, a jury may conclude that the prosecution has not met its burden of proof to show that the taking was accomplished by means of fear. But the testimony itself is not inadmissible, as the jury must first hear the victim's reasons for experiencing fear before it can decide what weight to afford such testimony or which inferences to draw.

[11] The jury was specifically instructed that a robbery accomplished by fear requires the victim to be "actually afraid" and that such fear should "be inferred from the circumstances."

13

relevant to an element of the charged offense, the trial court did not err in admitting this testimony. Given this conclusion, we need not consider defendant's related claim that admission of this evidence violated her right to due process. (*People v. Thompson* (2022) 83 Cal.App.5th 69, 113 ["[S]ince we have not found that the admission of the evidence was error under state law, we need not decide 'the consequences of that error, including . . . whether the error was so serious as to violate due process.' "]; *People v. Garcia* (2008) 168 Cal.App.4th 261, 275 [" ' "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." ' "].) And we need not discuss the parties' arguments regarding prejudice or alleged ineffective assistance of counsel arising from the failure to object to this testimony. (*People v. Williams* (2010) 49 Cal.4th 405, 468, fn. 9 ["We need not reach the question [of] whether [a] claim of error was forfeited or error was invited, because it is clear no error occurred."].)

### 2. Evidence of Uncharged Misconduct

During trial, a police officer testified (1) that he was initially dispatched to respond to a reported theft from a clothing store; (2) law enforcement had obtained a description of the suspect and the vehicle associated with that incident; (3) he eventually located defendant with the suspect vehicle; and (4) while searching the vehicle, he discovered an item apparently taken from the retail store associated with the charged offense. Defendant contends that this testimony was inadmissible under Evidence Code section 1101 as impermissible character evidence based on uncharged misconduct. Even assuming this claim has not been forfeited, we find no error in the admission of this testimony.

14

"Although evidence of prior criminal acts generally is inadmissible to show bad character, criminal disposition, or probability of guilt, such evidence may be admissible when relevant to prove some material fact other than the defendant's general disposition to commit such an act." (*People v. Jones* (2012) 54 Cal.4th 1, 49.) This includes admission of such evidence to prove identity. (Evid. Code, § 1101, subd. (b).) In this case, the question of defendant's identity was disputed throughout trial.[12] As a result, the prosecution called a police officer to testify that an item stolen from the retail store subject of the charged offense was recovered from inside a specific vehicle that law enforcement had previously determined was associated with defendant. Such evidence is clearly relevant to establishing defendant's identity[13] as the perpetrator of the charged offense and, as a result, admissible for a purpose other than to show defendant's criminal disposition.

---

[12] Even in closing argument, defense counsel cast doubt on whether the prosecution had sufficiently established defendant's identity, stating: "Was it [defendant] in the video? . . . What's the circumstantial evidence? Can you see who is on the video? He was identified by both women that were there that day. . . . That might be proved beyond a reasonable doubt. It might not be." Later in closing, defense counsel argued: "Eyewitness identification. . . . [I]t could have just as well been me. . . . [¶] It's very scant on this identification. Maybe. Possibly. Reasonably. Probably. Not enough. Is it proven beyond a reasonable doubt?"

[13] We are unpersuaded by defendant's argument that the evidence could not be relevant to prove identity because such evidence lacks " 'common features that are so distinctive as to support an inference that the same person committed them.' " The evidence established that the uncharged offense being investigated and the charged offense involved a vehicle bearing the same license plate number. This is a highly distinctive similarity that can clearly support an inference that the same individuals were involved.

15

Defendant argues that even if offered for an admissible purpose, the testimony should have been excluded as more prejudicial than probative under Evidence Code section 352. We disagree. There was no evidence related to any details regarding how the theft at the retail clothing store was carried out. Thus, the evidence was simply not the type that would " ' " ' " 'uniquely tend[] to evoke an emotional bias against the defendant as an individual' " ' " ' " or " ' " 'of such nature as to inflame the emotions of the jury . . . to reward or punish one side because of the jurors' emotional reaction.' " ' " (*People v. Phillips* (2022) 75 Cal.App.5th 643, 674 [describing the " 'undue prejudice' " to which Evid. Code § 352 is concerned].) Further, the officer testified only that he had been called to investigate a reported theft. There was no testimony that law enforcement determined a theft had in fact occurred at the clothing store, let alone testimony that defendant was the person who actually committed that theft. The testimony focused solely on identifying defendant as the person associated with a specific vehicle. Thus, this was not the type of situation in which " 'the jury might be inclined to punish the defendant for the uncharged acts.' " (*Philips*, at p. 675.) Under the circumstances, even if the officer's testimony presented some risk of prejudice, we cannot conclude that the challenged testimony was substantially more prejudicial than probative, such that the trial court's decision to admit such evidence constituted an abuse of discretion.

Because we conclude the trial court did not err in admitting the officer's testimony, we need not address defendant's related claims that (1) the prosecutor engaged in misconduct by eliciting such evidence (*People v. Mills* (2010) 48 Cal.4th 158, 199 [" ' "Although it is misconduct for a prosecutor *intentionally* to elicit inadmissible

16

testimony . . . , merely eliciting evidence is not misconduct." ' "]) or (2) defense counsel was ineffective for failing to adequately object to such evidence (*People v. Kipp* (2001) 26 Cal.4th 1100, 1126 [failure to object to admissible evidence does not establish ineffective assistance]; *People v. Lucas* (1995) 12 Cal.4th 415, 494 [failure to object was not ineffective assistance where no prejudicial prosecutorial misconduct occurred]). Likewise, in the absence of error, we need not discuss the parties' arguments regarding prejudice.

C. *Any Alleged Error Sustaining an Objection to a Statement in Defense Counsel's Closing Argument Was Not Prejudicial*

Defendant also contends the trial court erred by sustaining an objection to a statement made by defense counsel during closing argument. Specifically, when trying to differentiate the quantum of force necessary to constitute robbery, defense counsel stated: "There are two charges, two options. Force used for robbery, force used for theft"; and the trial court sustained an objection to this statement on the ground that it misstated the law. According to defendant, sustaining the objection exceeded the trial court's authority to control argument under section 1044.

"A trial court has not only the power but 'the duty . . . to control all proceedings during the trial,' including the arguments of counsel. [Citations.] It is accordingly given broad inherent and statutory discretion to limit both the length of argument and the matters addressed." (*People v. Nadey* (2024) 16 Cal.5th 102, 153.) Reversal is only warranted where the trial court abuses its discretion and such abuse of discretion was prejudicial. (*Ibid.*) "In assessing prejudice, a reviewing court's ' " 'role . . . is not to

17

determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial.' " ' " (*Id.* at p. 155.)

Even if we assumed error in the trial court's decision to sustain the objection to defense counsel's statement, we cannot conclude that such error was prejudicial. Defendant concedes on appeal that "[t]he thrust of defense counsel's argument was that if defendant used only that amount of force necessary to seize the property and carry it out of the store, without using force to overcome any resistance, . . . then any force defendant used did not elevate the crime from theft to robbery." The record shows that defense counsel was permitted to make this very same point simply by rephrasing his argument after the trial court sustained the objection to the initial statement. Specifically, defense counsel rephrased his argument to state: "Think about it logically. How can anybody steal anything without exerting some degree of force? The force used must be to either take the property in a forcible fashion. Common sense, ordinary use of the word forcibly taken, grabbing it from you, or to prevent resisting. That was not present." Given this record, the trial court's decision to sustain an objection to a single statement cannot be considered prejudicial such that reversal is warranted. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1044 [limitations on closing argument not prejudicial where they "did not prevent defendant from continuing to urge his interpretation of events upon the jury"].)

D. *There Can Be No Cumulative Prejudice Without Multiple Errors*

Finally, defendant contends that the judgment must be reversed because of the

18

"cumulative prejudice" of all errors even if any individual claim of error is found harmless. "Under the 'cumulative error' doctrine, ' "a series of trial errors, though independently harmless, may in some circumstances rise by accretion to the level of reversible and prejudicial error." ' " (*People v. Sorden* (2021) 65 Cal.App.5th 582, 618.) However, we have rejected each of defendant's individual claims of error on the merits with the exception of defendant's claim that the trial court erred by sustaining an objection to a statement made in closing argument, which we concluded could not have been prejudicial. Thus, there are not multiple errors to cumulate, and the cumulative error doctrine is not applicable.

IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____<br>J.

We concur:


RAMIREZ _____
               P. J.


MENETREZ _____
           J.