Filed 9/17/20  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO MARTINEZ,<br><br>Defendant and Appellant. | F078848<br><br>(Super. Ct. No. F17906422)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P.J., Smith, J. and Snauffer, J.

Defendant Armando Martinez contends on appeal that the three stayed one-year prior prison term enhancements, imposed based on his prior felony convictions for nonsexually violent offenses, should be stricken pursuant to the amendment to Penal Code section 667.5, subdivision (b),[1] effected by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136).  The People concede the enhancements should be stricken.  We accept the People's concession and strike the prior prison term enhancements.  In all other respects, we affirm.

## PROCEDURAL SUMMARY

On December 26, 2017, the Fresno County District Attorney charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1).  The information alleged defendant personally inflicted great bodily injury in committing count 1 (§ 12022.7, subd. (a)).  The information further alleged defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had suffered a prior serious felony conviction (§ 667, subd. (a)), and had served three prior prison terms (§ 667.5, subd. (b)).

On December 12, 2018, the jury found defendant guilty and the great bodily injury enhancement true.  On the same date, defendant admitted that he had served three prior prison terms and had suffered a prior strike conviction.

On January 1, 2019, the trial court sentenced defendant to an aggregate term of 16 years as follows:  the court imposed the aggravated term of four years, doubled to eight years based on the prior strike conviction, plus a consecutive five-year enhancement based on the prior serious felony conviction, plus a consecutive three-year enhancement based on the infliction of great bodily injury.  The court also imposed and then stayed three one-year prior prison term enhancements.[2]

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     The court was not authorized to stay two of the three prior prison term enhancements alleged and found true pursuant to section 667.5, subdivision (b).

2.

On February 15, 2019, defendant filed a notice of appeal.

## **FACTUAL SUMMARY**

Ronnie Orona was at a gas station and convenience store near downtown Fresno on the morning of October 27, 2017. He needed 25 cents for bus fare and intended to ask a patron for a quarter. As Orona waited, defendant approached on his bicycle. The two men talked, and then defendant asked Orona to come with him to the side of the convenience store. They walked to the side of the store and smoked a cigarette together. Defendant then took his shirt off and attempted to punch Orona two or three times but did not make contact. Orona told defendant to stop but defendant did not stop. Orona hit defendant twice, defendant then "hugged up against" Orona, and Orona pushed defendant away. Defendant then removed a four- to five-inch pocketknife from his pocket and stabbed Orona at least three times—once in the stomach, once under the arm, and once in the lung. After stabbing Orona, defendant left the area on his bicycle.

On the same day, a police officer discovered defendant hiding in a tree roughly one-quarter mile from the gas station and convenience store and arrested him.

---

Generally, "[o]nce the prior prison term is found true within the meaning of section 667.5[, subdivision ](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; accord *People v. Lua* (2017) 10 Cal.App.5th 1004, 1020 [concluding the trial court imposed an unauthorized sentence by imposing and discretionarily staying the one-year sentence enhancement under section 667.5, subdivision (b)].) However, where a prior conviction is the basis for an enhancement pursuant to section 667, subdivision (a) and a prior prison term enhancement pursuant to section 667.5, subdivision (b), California Rules of Court, rule 4.447, permits a trial court to impose and then stay execution of a section 667.5, subdivision (b) enhancement. (*People v. Brewer* (2014) 225 Cal.App.4th 98, 104–105.) Here, one of the prior prison terms was served for the serious felony for which the court imposed an enhancement pursuant to section 667, subdivision (a). The prior prison term enhancement for that prior conviction was properly stayed. The other two prior prison term enhancements should have been imposed or stricken. Regardless, because we strike all three prior prison term enhancements in light of Senate Bill 136, we need not correct the error.

## DISCUSSION

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed three one-year section 667.5, subdivision (b) prior prison term enhancements based on terms of imprisonment for convictions of receiving a stolen vehicle (§ 496d), driving a stolen vehicle (Veh. Code § 10851), and robbery (§ 211), none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

The People contend that the trial court imposed the maximum possible sentence and therefore remand for the court to consider alternative sentencing options is unnecessary. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.) Defendant does not respond. While it is true that defendant could not *now* be sentenced to a higher term of imprisonment, the trial court did not impose the maximum term available to it. Specifically, we observe that the trial court attempted to "exercise [its] discretion [to] stay [the] three one-year" prior prison term enhancements. As noted, the trial court did not actually have the discretion to stay two of the prior prison term enhancements found true—only to strike or impose those enhancements. (*People v. Lua*, *supra*, 10 Cal.App.5th at p. 1020; *People v. Brewer*, *supra*, 225 Cal.App.4th at pp. 104–105.)

4.

Regardless, because we strike the prior prison term enhancements, we effectively correct the sentencing error and leave untouched the term of imprisonment the trial court intended defendant to serve.  Remand in this situation would be an idle act and is therefore not required.  (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  Accordingly, we strike the three prior prison term enhancements and direct the trial court to issue an amended abstract of judgment.

## **DISPOSITION**

The three prior prison term enhancements (§ 667.5, subd. (b)) are stricken.  The remaining counts and enhancements are unmodified.  The trial court is directed to prepare an amended abstract of judgment removing the prior prison term enhancements.  The trial court shall forward a copy of the amended abstract of judgment to the appropriate entities.  As so modified, the judgment is affirmed.