Filed 5/10/21  P. v. Jackson CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B307510 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA147671) |
| v. | |
| ANTHONY JACKSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Anthony Jackson appeals from the judgment entered following this court's remand for resentencing in light of the enactment of Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) (Senate Bill 136), effective January 1, 2020.  No arguable issues have been identified by Jackson's appointed appellate counsel following her review of the record.  We also have identified no arguable issues after our own independent review of the record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jackson was convicted following a jury trial of carrying a concealed dirk or dagger (Pen. Code, § 21310)[1] with true findings by the court in a bifurcated proceeding that he had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and had served four prior separate prison terms for felonies (§ 667.5, subd. (b)).  Jackson was sentenced to a five-year state prison term:  the middle term of two years for carrying a concealed dirk or dagger, doubled under the three strikes law, plus one year for one of the prior prison terms.

On appeal Jackson argued this court should strike all four one-year prior prison term enhancements, whether imposed or stayed,[2] pursuant to Senate Bill 136, which was signed into law after Jackson was sentenced, and which amended section 667.5,

---

[1]     Statutory references are to this code.

[2]     At the time Jackson was sentenced, the court was not authorized to stay a prior prison term enhancement alleged and found true pursuant to section 667.5, subdivision (b).  The enhancement had to be imposed or struck.  (See *People v. Lua* (2017) 10 Cal.App.5th 1004, 1020; *People v. Langston* (2004) 33 Cal.4th 1237, 1241.)

2

subdivision (b), to provide for a one-year prior prison term sentence enhancement only for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). The Attorney General agreed with Jackson, as did we.

We affirmed Jackson's conviction, vacated his sentence and remanded the cause with instructions to the trial court to strike the one-year prior prison term enhancements and to resentence Jackson. (*People v. Jackson* (July 21, 2020, B301125 [nonpub. opn.].)

On remand the trial court followed our direction, struck all prior prison term enhancements and sentenced Jackson to a four-year state prison term (the middle term of two years for carrying a concealed dirk or dagger, doubled under the three strikes law). Jackson filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Jackson on appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Jackson on January 21,2021 that he may personally submit any contentions or issue he wished the court to consider. We have received no response.

We have examined the record and are satisfied Jackson's appointed appellate counsel fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


                              PERLUSS, P. J.

We concur:



    SEGAL, J.



    FEUER, J.

4