Filed 2/28/22  In re Gregory A. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Gregory A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Gregory A.,<br><br>        Defendant and Appellant. | A162232<br><br>(Alameda County<br>Super. Ct. No. JV03140401) |

**MEMORANDUM OPINION***

Gregory A. (Minor) appeals a dispositional order entered after he admitted one count of voluntary manslaughter and a firearm enhancement. He contends the matter must be remanded for a new dispositional hearing because the juvenile court misunderstood the scope of its discretion when setting a maximum term of confinement.  The Attorney General concedes this point, and we agree the matter must be remanded to allow the court to exercise its discretion under the correct legal standards.

---

        * We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.

1

A juvenile wardship petition filed July 25, 2019 alleged Minor committed murder and attempted murder, with firearm and great bodily injury enhancements. Pursuant to a negotiated disposition, Minor later admitted a single count of voluntary manslaughter upon a sudden quarrel or heat of passion, as well as a firearm enhancement. (Pen. Code, §§ 192, subd. (a), 12022.5, subd. (a).) The court, the prosecutor, and the probation department expressed the view that the maximum permissible term of confinement would be 21 years.

At the January 15, 2021, dispositional hearing, Minor made a statement expressing remorse for his actions and sorrow for the irreparable pain he caused to the victim's mother, asking her for forgiveness, and setting out his plans for advancing his education and living a law-abiding life.

The juvenile court explained it had been "prepared to give [Minor] the maximum sentence today, but based on your performance at juvenile hall and the sentiment of your words, the fact that this is petition one, the Court will fix the term at 10 years." The court adjudged Minor a ward of the court and committed him to the Department of Juvenile Justice (DJJ), setting the maximum time of confinement at 10 years.

Prior law limited a maximum term of confinement of a ward committed to DJJ to the *longest* term to which an adult could be sentenced for the same offense. (Former Welf. & Inst. Code, § 731, subd. (c).) Effective September 30, 2020—before the dispositional hearing in this case—that provision was amended to limit a minor's commitment to the *middle* term an adult could serve. (Stats. 2020, ch. 337, § 28, amending former Welf. & Inst. Code, §731, subd. (c).)[1]

---

[1] This limitation is now found in subdivision (b) of section 731 of the Welfare and Institutions Code.

Thus, under former law, the maximum term of confinement for Minor's offenses would have been 21 years, based on the 11-year upper term for manslaughter and the 10-year upper term for the firearm enhancement (Pen. Code, §§ 193, subd. (a), 12022.5, subd. (a)). Under the law in effect at the time of the hearing, however, Minor's maximum possible confinement was only *10 years*, based on the middle terms of six years for manslaughter and four years for the firearm enhancement. (Pen. Code, §§ 193, subd. (a), 12022.5, subd. (a).) The record here indicates the trial court was under the misapprehension that it had discretion to choose a term of up to 21 years and that therefore the 10-year term it chose was *shorter* than the maximum permissible.

Where, as here, the record affirmatively shows the court is mistaken about the scope of its sentencing discretion, and where the record does not show the court would have reached the same conclusion regardless, we remand the matter for a new hearing at which the court can exercise its discretion under the correct standards. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944; *People v. Lua* (2017) 10 Cal.App.5th 1004, 1021.) In light of the juvenile court's misunderstanding and its express attempt to impose a term that was shorter than the maximum permissible, we agree with the parties that this matter must be remanded for a new dispositional hearing at which the court may exercise its discretion under the correct standards. The court may once again on remand fix the maximum term of confinement at 10 years, or may choose a shorter term.

## DISPOSITION

The dispositional order is reversed. The matter is remanded with directions for the juvenile court to hold a new dispositional hearing in a manner consistent with the views expressed in this opinion.

3

                                              TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*People v. Gregory A.* (A162232)