Filed 1/27/25  P. v. Tinajero CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERAFIN BENJAMIN TINAJERO,<br><br>    Defendant and Appellant. | H051282<br>(Monterey County<br> Super. Ct. No. SS073186A) |

In the trial court, Serafin Tinajero requested resentencing because his sentence included an enhancement for serving a prior felony term—a "prison prior"—that is now invalid under Penal Code section 1172.75.  (Subsequent undesignated statutory references are to the Penal Code.)  While the trial court struck the prison prior, thereby reducing Tinajero's sentence by one year, it refused to conduct a full resentencing, which, in light of other changes in the sentencing laws, might have reduced Tinajero's sentence even further.  Tinajero contends that the trial court erred in not conducting a full resentencing, and the Attorney General concedes the error.  We accept this concession and remand with directions to conduct a full resentencing.  As the other matters raised by Tinajero will be considered on remand, we need not address them.

# I. BACKGROUND

Because the facts concerning Tinajero's underlying offenses are not relevant to this appeal, we omit them and focus solely on the procedural background.

In October 2008, Tinajero pleaded guilty to second-degree robbery, attempted robbery, illegal possession of a concealed weapon, and second-degree burglary. Tinajero also admitted allegations of firearm use during the robbery and attempted robbery, two prior strike convictions, violent felony convictions, and one prison prior. In May 2009, Tinajero was sentenced to 20 years eight months in state prison.

In imposing this sentence, the trial court struck one of Tinajero's strike convictions. However, it sentenced him to the upper term on the robbery count, which was doubled due to the remaining strike, resulting in a 10-year sentence on that count. The court also sentenced Tinajero to one year four months on the attempted robbery count. Finally, the trial court imposed four enhancements: four years for the firearm enhancement on the robbery count; one year four months for the firearm enhancement on the attempted robbery count; three years for the violent felony enhancement; and one year for the prison prior. (As the Attorney General notes, the record does not show any sentence for the concealed weapon and second-degree robbery counts.)

In June 2022, in light of Senate Bill No. 483 (2021-2022 Sess.) (Sen. Bill No. 483), Tinajero petitioned for a writ of habeas corpus. He argued that his prison prior was now invalid, and he was entitled to resentencing considering "postconviction factors" and applying "changes in law that reduce sentences or provide for judicial discretion." Attaching over two dozen certifications for self-help and general education classes as well as for participating in alcoholics anonymous, Tinajero also noted his efforts at self-improvement.

In July 2022, the trial court appointed counsel to represent Tinajero, scheduled a sentencing conference, and dismissed Tinajero's petition in light of the contemplated resentencing. The following July, the court held a resentencing hearing. At the hearing,

Tinajero testified about his self-improvement efforts, and his mother testified that she and her husband would welcome Tinajero back and provide him a job upon release. The trial court complimented Tinajero on the "very good job" he was doing. However, when Tinajero asked the court to consider striking his firearm enhancements, the court refused on the ground that "the only motion that I have before me is the motion to strike the one prison prior" and it could not address the enhancements. The court therefore merely struck the prison prior and ordered Tinajero's sentence reduced by one year.

Tinajero subsequently filed a timely notice of appeal.

## II. DISCUSSION

Tinajero argues that the trial court erred in failing to conduct a full resentencing, and the Attorney General concedes the error. As explained below, we accept the concession.

In 2019, the Legislature amended section 667.5, subdivision (b) to bar enhancements for prior terms for felonies other than sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Two years later, Sen. Bill No. 483 made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to § 1172.75].) Under subdivision (a) of this section, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).) In addition, if an individual is identified and verified as currently serving a sentence containing a now-invalid enhancement (§ 1172.75, subd. (b) [identification by correctional officials]; § 1172.75, subd. (c) [verification by court]), the sentencing court is required to recall the individual's sentence and resentence him or her. (§ 1172.75, subd. (c).) In resentencing, the court "may consider postconviction factors" (§ 1172.75, subd. (d)(3)) and "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75,

3

subd. (d)(2)). Thus, "section 1172.75 required the trial court to conduct a full resentencing." (*People v. Carter* (2023) 97 Cal.App.5th 960, 964.)

The trial court erred in not applying the requirement that individuals with now-invalid prison priors be resentenced applying "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).) While the court struck the now-invalid prison prior imposed on Tinajero and reduced his sentence by one year, it did not apply any other changes in the law. For example, since Tinajero was initially sentenced in 2009, trial courts have been granted discretion to strike firearm enhancements under section 1385. (Stats. 2017, ch. 682, § 1, codified at § 120225, subd. (c).) In addition, section 1385 has been amended to require that, in deciding whether to strike an enhancement, courts generally give "great weight" to several factors (Stats. 2021, ch. 721, § 1, codified at § 1385, subd. (c)(2))—including that "[m]ultiple enhancements are alleged" and "application of an enhancement could result in a sentence of over 20 years." (§ 1385, subds. (c)(2)(B) & (C).) As Tinajero's sentence included four enhancements and these enhancements resulted in a total sentence of 20 years eight months, both factors apply here, and the trial court erred in not considering whether to exercise it discretion under these statutory changes.

The trial court refused to conduct a full resentencing on the ground that Tinajero's "motion" for resentencing sought only to strike the prison prior and did not seek resentencing. However, as the Attorney General recognizes, there is no motion for resentencing in the record, only Tinajero's petition for a writ of habeas corpus. Far from waiving the right to a full resentencing, this petition expressly noted that, on resentencing, the court could "consider postconviction factors" and was required to "apply any . . . changes in law that reduce sentences or provide for judicial discretion." Moreover, at the resentencing hearing, Tinajero specifically asked the trial court to considering removing his firearm enhancements. Consequently, Tinajero plainly did not waive full resentencing.

4

Counsel appointed to represent Tinajero did implicitly concede that his client was not seeking a full resentencing at a pre-sentencing hearing on June 6, 2023. During that hearing, the trial court asserted that Tinajero's petition was "just relating to the 667.5(b) prior" and not seeking "a resentencing in full fashion." Far from objecting, Tinajero's appointed counsel agreed that the only modification requested was striking the one-year enhancement for the prison prior. The Attorney General argues that defense counsel could not waive section 1172.75's full resentencing requirement. We need not reach this issue. Even if defense counsel had forfeited full resentencing, in light of the ineffective assistance of counsel claim raised by Tinajero, we would exercise our discretion to consider whether Tinajero was entitled to full resentencing. (See, e.g., *People v. Lua* (2017) 10 Cal.App.5th 1004, 1014 [exercising "discretion to address the issue on the merits to forestall a claim of ineffectiveness of counsel"].)

Tinajero also argues that the abstract of judgment issued after his resentencing contains two errors. First, the abstract issued in July 2023 lists the same number of custody credits as the May 2009 abstract, even though Tinajero served 14 years in between the two abstracts. Second, even though the trial court initially imposed $4,000 in fines under section 1202.4 and suspended $4,000 in fines under section 1202.45, the July 2023 abstract records $8,000 in fines under section 1202.4 and another $8,000 under section 1202.45. While Tinajero's challenges to the July 2023 abstract appear well founded, they need not be addressed because, in conducting a full resentencing on remand, the trial court will be required to recalculate Tinajero's custody credits and issue a new abstract of judgment recording the fines against him.

We therefore reverse the judgment and remand the matter to the trial court to conduct a full resentencing under current law. We express no opinion on how the trial court 's discretion in such resentencing should be exercised.

## III. Disposition

The judgment is reversed. The matter is remanded to the trial court, which is directed to resentence appellant consistent with Penal Code section 1172.75 and current law.

_____

BROMBERG, J.

WE CONCUR:

_____

DANNER, ACTING P. J.

_____

LIE, J.

*People v. Tinajero*
H051282