Filed 6/22/23  P. v. Jimenez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHAD WILLIAMS JIMENEZ,<br><br>    Defendant and Appellant. | B321784<br><br>(Los Angeles County<br>Super. Ct. No. BA446047) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Fred Wapner, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

This is Chad Williams Jimenez's second appeal to this court.  In his first appeal, we affirmed Jimenez's convictions for assault with a firearm, possession of a firearm by a felon, and attempted robbery, but remanded the matter for the limited purpose of allowing the trial court to decide whether to exercise its discretion to strike a five-year prior serious felony enhancement imposed under Penal Code[1] section 667, subdivision (a)(1).  At the resentencing hearing, the trial court struck the section 667, subdivision (a)(1) enhancement, but declined exercise its discretion to strike several personal firearm use enhancements imposed under sections 12022.5, subdivisions (a) and (d), and 12022.53, subdivision (b).  In this appeal, Jimenez argues that the trial court's refusal to strike the firearm enhancements was an abuse of discretion.  We affirm the judgment.

## FACTS[2]

### *First Assault*

On April 20, 2016, at approximately 5:15 p.m., Fredy Gonzalez was driving home in his truck on Elm Street, with his window down.  Gonzalez stopped at the stop sign at the intersection of Elm Street and Cypress Avenue behind another car.  He felt something being pressed against the ribs on the left side of his body.  When Gonzalez turned to look left, a man whom he later identified as Jimenez asked him, "Where you from?" and called him a "motherfucker."  Gonzalez told Jimenez that he did

---

[1] All further statutory references are to the Penal Code.

[2] The facts are taken from our prior opinion in *People v. Jimenez* (Jun. 4, 2019, B289894) [nonpub. opn.].

2

not speak English and that he was from Mexico.  Jimenez responded, "Oh, so you're a Paisa [a Mexican from Mexico]."  Jimenez told Gonzalez that he was "from Cypress."  Gonzalez saw that the object pressing into him was a small, black, semiautomatic gun.  Jimenez stepped down from the truck's running board, walked around to the passenger side of the truck, and told Gonzalez to park and wait for him.  Gonzalez parked.  Jimenez did not approach him again.  He put the gun in his waistband and walked toward Cypress Avenue.  The entire exchange between Jimenez and Gonzalez lasted about two minutes.

### Second Assault

Approximately 15 minutes after the incident involving Gonzalez, at 5:30 p.m., Ricardo Guardado stopped his vehicle at a traffic light at the intersection of Future Street and Cypress Avenue, about one block away from the location where the first incident took place.  Guardado had his windows rolled down.  In his rearview mirror, Guardado saw a man whom he later identified as Jimenez start running toward Guardado's car on the right side of the street.  Guardado was several cars back from the light and there were more cars behind him.  Jimenez ran up to Guardado's car and banged hard on the passenger door.  Jimenez leaned through the passenger window and pointed a gun to Guardado's head.  He repeatedly asked Guardado which gang he was from.  Guardado told Jimenez he was not a "Cholo" and did not belong to a gang.  Jimenez demanded Guardado's wallet.  Guardado told Jimenez he did not have it with him, and Jimenez left.  The incident lasted approximately one minute.

Guardado started to drive away, but returned when he saw the officers.  He spoke with police between 5 and 10 minutes after

3

the incident took place. Officers took him to look at several suspects who had been detained within an approximately one block radius of the crime scene. Guardado identified Jimenez as the perpetrator, approximately 10 minutes after the incident occurred.

## PROCEDURAL HISTORY

The jury found Jimenez guilty of two counts of assault with a firearm (§ 245, subd. (b); counts 1 & 4), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), and attempted second degree robbery (§§ 211, 664; count 5).[3] The jury found true the allegations that Jimenez committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)–(C)), and that he personally used a firearm in commission of the offenses (§§ 12022.5, subds. (a) & (d), 12022.53, subd. (b)). In a bifurcated proceeding, the trial court found true the allegation that Jimenez had suffered a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and a prior serious felony conviction within the meaning of section 667, subdivision (a)(1).

The trial court sentenced Jimenez to a total of 32 years four months, calculated as follows: in count 1, the midterm of six years, doubled to 12 years under the "Three Strikes" law, plus 10 years for the firearm enhancement (§ 12022.5), plus a stayed term of five years for the gang enhancement (§ 186.22, subd. (b)(1)(B)); in count 4, a consecutive sentence of two years, (one-third the midterm of six years), doubled to four years pursuant to the Three Strikes law, plus 16 months (one-third the midterm of four years) for the firearm enhancement (§ 12022.5), plus a

---

[3] The information did not include a count 3.

4

stayed term of 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)); in count 2, a concurrent sentence of two years, plus three years for the gang enhancement (§ 186.22, subd. (b)(1)(A)); in count 5, the midterm of two years, plus 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)), plus 10 years for the firearm enhancement (§ 12022.53, subd. (b)), stayed pursuant to section 654; and five years for the prior serious felony conviction enhancement (§ 667, subd. (a)(1)).

Jimenez timely appealed. We affirmed his convictions but remanded the matter for the limited purpose of allowing the trial court to decide whether to exercise its discretion to strike a five-year enhancement imposed under section 667, subdivision (a)(1).[4]

In connection with the resentencing, Jimenez requested that the court strike the sentencing enhancement for his prior conviction and, additionally, that the court stay or strike any other enhancements previously imposed. At the resentencing hearing, the prosecutor did not oppose striking the five-year prior felony enhancement, but argued against any further reduction in sentence. The court struck the prior felony enhancement, but declined to strike any other enhancements. Jimenez was resentenced to 27 years four months in prison. Jimenez timely appealed.

---

[4] Senate Bill No. 1393 (2017–2018 Reg. Sess.) amended sections 667 and 1385 to provide the trial court with discretion to strike five-year enhancements pursuant to section 667, subdivision (a)(1), in the interests of justice. (Stats. 2018, ch. 1013, §§ 1, 2.) The new law took effect on January 1, 2019, after the sentencing hearing but before Jimenez's appeal was final.

## DISCUSSION

A trial court has discretion to dismiss a firearm allegation imposed under sections 12022.5 or 12022.53 pursuant to section 1385 in the interests of justice.  (§§ 12022.5, subd. (c), 12022.53, subd. (h).)  We review the trial court's refusal to strike a firearm enhancement for abuse of discretion.  (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

On appeal, Jimenez argues that the trial court abused its discretion by refusing to dismiss the firearm enhancements.  He argues that "given the lack of a prior serious record, the brevity of two crimes committed in a short time span, the fact that the firearm was neither discharged nor used to strike either victim, the fact that no injury was inflicted, the fact that appellant left the victims after they rejected his demands, and the current reassessment of the objectives and components of rational sentencing, the interests of justice would have best been served by striking the enhancements."

Jimenez has not shown that the trial court abused its discretion.  Jimenez minimizes the seriousness of his prior conviction.  He does not lack a serious criminal history—he was convicted of a strike offense.  Although the prior strike was committed 11 years earlier, Jimenez was incarcerated for nine of those years and did not have the opportunity to reoffend during that time.  He may have been only 20 years old at the time he committed the strike, but Jimenez was well into adulthood when he committed the instant crimes a decade later.  Jimenez emphasizes the brevity of his offenses, but he ignores that after assaulting the first victim he did not cease his criminal conduct, but assaulted a second victim within 15 minutes.  Jimenez was apprehended approximately 10 minutes after the second assault

6

and attempted robbery.  There is no indication that he would have abandoned his attempts at robbery had the police not intervened so quickly.  Jimenez's use of the firearm in two incidents presented a clear threat to public safety.  He did not merely display a firearm; he held it to one victim's head and the other victim's chest.  As the trial court observed at the first sentencing hearing, Jimenez was "one pull of the trigger away from a murder."

Jimenez briefly mentions Senate Bill No. 81 (2021–2022 Reg. Sess.), which requires a trial court to afford "great weight" when considering whether to strike an enhancement to the fact that multiple enhancements were found true and that the enhancements would cause the sentence imposed to exceed 20 years.  Although these factors are to be given great weight, amended section 1385 does not divest the trial court of discretion to impose an enhancement.  (*People v. Walker* (2022) 86 Cal.App.5th 386, 396–398.)  Jimenez does not contend that the trial court failed either to consider these factors or afford them sufficient weight.  Absent a contrary indication in the record, we presume the trial court understood and exercised its discretion.  (*People v. Lua* (2017) 10 Cal.App.5th 1004, 1021.)  There is no indication that the trial court did not understand its discretion in the present case.  The opposite is true.  Jimenez's presentencing memorandum discussed Senate Bill No. 81 and the factors that the court should consider at length, and the trial court expressly stated that it reviewed the presentencing memorandum.

**DISPOSITION**

We affirm the trial court's judgment.

NOT TO BE PUBLISHED.


                                      MOOR, J.

We concur:


    BAKER, Acting P. J.


    KIM, J.