Filed 9/10/24  P. v. Fabrigas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EMILSON ALVARO FABRIGAS,<br><br>    Defendant and Appellant. | D083335<br><br><br>(Super. Ct. No. SCS321761) |


APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lara Gressley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury found Emilson Alvaro Fabrigas guilty of felony assault by force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)  The jury also found true a corresponding great bodily injury enhancement. (§ 12022.7, subd. (a).)  The trial court sentenced Fabrigas to the low term of two years and imposed an additional three years for the enhancement.

On appeal, Fabrigas seeks a resentencing remand because he contends the trial court did not know it had discretion to strike the enhancement.  We disagree and affirm, resolving this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-855.)

I.

Although a finding that a defendant inflicted great bodily injury triggers a three-year sentencing enhancement (§ 12022.7(a)), under section 1385 the trial court retains discretion to strike or dismiss the enhancement or the corresponding punishment if doing so furthers justice. (*People v. Meloney* (2003) 30 Cal.4th 1145, 1155-1156.)

"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court."  (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)  A court "unaware of the scope of its discretionary powers" cannot exercise informed discretion.  (*Ibid.*)  To prove an abuse of discretion on this basis, a defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion."  (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 (*Davis*).)  "[A] silent record is insufficient to meet [t]his burden."  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 725.)

Here, Fabrigas advances two arguments for why the record is allegedly ambiguous about whether the trial court understood its discretion to strike or dismiss the enhancement.

First, because the trial court did not expressly acknowledge his section 1385 request, Fabrigas claims it is "unclear" if the court "even made a choice" to keep or drop the enhancement. This argument relies on silence and the inference Fabrigas chooses to draw from it rather than any affirmative showing of misunderstanding, as is his burden. (*Davis*, 50 Cal.App.4th at p. 172.) Besides, we are not convinced because the trial court stated at sentencing that it read Fabrigas' statement in mitigation, so it would have seen the request to strike the enhancement based on the discretion given by section 1385. We agree with the People that the court's comment "reinforces the court's knowledge of its discretion." If Fabrigas was dissatisfied with the way the court responded to his request, by still imposing the three-year enhancement, his counsel could have objected to give the court an opportunity to expressly deny the request on the record. (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)

Second, Fabrigas tries to inject ambiguity into what little the court said about the enhancement. After selecting the low term of two years for the relevant count, the trial court turned to the enhancement, stating: "There is an allegation under [section] 12022.7 that was found to be true. That adds three years consecutive for a total of five years." Relying on *People v. Lua* (2017) 10 Cal.App.5th 1004 (*Lua*), Fabrigas contends the "passive voice makes it unclear" if the court knew of its discretion or instead believed the three-year enhancement "was mandatory under the law." *Lua*, however, is distinguishable. There, the trial court referred to the total sentence as the "'minimum'" and "'lowest sentence possible,'" which "tend[ed] to suggest that

3

the trial court did not understand it had the authority" to lower the sentence by striking one or more enhancements. (*Lua*, at p. 1021.) Those affirmative statements about the mandatory minimum length of imprisonment created an ambiguity as to the court's understanding, and thus required remand. (*Ibid.*) Here, in contrast, the trial court "add[ed] three years" for the enhancement without saying, as the trial court in *Lua* did, that those years were in any way mandatory or the lowest possible sentence. It thus does not give rise to the same ambiguity.

In sum, we regard the record as silent, not ambiguous, about the trial court's understanding its discretion under section 1385. As a result, we perceive no error, as we presume "on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.)

## II.

We affirm.


CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


KELETY, J.

4