Filed 9/15/25  P. v. Vrana CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiffs and Respondent, <br><br> v. <br><br> DAVID LOYD VRANA <br><br> Defendants and Appellant. | 2d6 Crim No. B338106 <br> (Super. Ct. No. 2021019323) <br> (Ventura County) |

Appellant David Loyd Vrana appeals his convictions for possession of methamphetamine for sale (Health & Saf. Code, § 11378)[1] and transportation of a controlled substance for sale (§ 11379, subds. (a)-(c).)  He contends substantial evidence does not support the convictions.  We will affirm.

---

[1] Statutory sections refer to the Health and Safety Code unless otherwise stated.

FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement received a call regarding narcotics activity in the parking lot of a Simi Valley bowling alley. The officers encountered appellant sitting in his vehicle in the bowling alley parking lot holding a cell phone. The officer knew appellant and confirmed he was on probation subject to search terms. A search of the vehicle revealed methamphetamine in a plastic bag, a functioning digital scale with white powder residue on it, more methamphetamine in another plastic bag, additional plastic bags, cell phones, and two glass smoking pipes. The total weight of methamphetamine found was 20.57 grams. Appellant also had $270 in cash in various denominations in his pocket.

After being informed of his *Miranda*[2] rights, appellant stated he purchased the drug and transported it in his vehicle intending to sell it for a $50 profit. A video showed that earlier that day another vehicle was parked in the parking lot near appellant's vehicle, that a person left that other vehicle and approached appellant's vehicle, then left. Appellant told the officer the person left to get cash to buy the drugs from him and he was waiting for the person to return when the officers arrived. After getting appellant's permission, the officer looked at text messages between appellant and another person where some days earlier appellant was offering to pay $270 "for one" and that he was "on [his] way." There was also mention of a "scaly" and whether the "final score" was a specified number. Appellant was arrested.

At trial, an officer testified that based on his training and experience he believed the items found at the time of arrest, the

_____

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

2

amount of methamphetamine found, appellant's statement, the text messages and the video, were consistent with the sale and transportation of the narcotics.

Appellant testified at trial. He did not deny he purchased and transported the methamphetamine. He claimed he did not intend to sell the drug but purchased it for personal use.

The court found appellant guilty of transportation of a controlled substance (count 1, § 11379, subd. (a)) and possession of a controlled substance for sale (count 2, § 11378). The court found true appellant had suffered a prior strike (Pen. Code, § 245, subd. (a)(1)) and sentenced him to the low term of two years in state prison on count 1, doubled for the strike, four years on count 2, stayed pursuant to Penal Code section 654, and awarded 257 days of custody credits.

DISCUSSION

Appellant contends there was not substantial evidence to support his convictions. We disagree.

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.) We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

Both possession for sale and transportation for sale of a controlled substance require a specific intent to sell. (*People v. Lua* (2017) 10 Cal.App.5th 1004, 1015 ["defendant [must] have acted with the intention that the controlled substance at issue be sold, either by the defendant personally or by someone else"].)

3

Appellant urges us to reverse because he introduced evidence that would support a finding he intended the drugs for personal use and there was insufficient evidence of his specific intent to sell the drug.  Appellant is essentially asking us to reweigh the evidence and to substitute our judgment for that of the trial court.  The trial court was entitled to disbelieve appellant's trial testimony and rely on appellant's admissions at time of arrest, the officer's opinion, and other evidence indicative of sales.  (See e.g., *People v. Newman* (1971) 5 Cal.3d 48, 53, disapproved on another ground in *People v. Daniels* (1975) 14 Cal.3d 857, 862 [experienced officers may give their opinion that narcotics are held for purposes of sale based on matters including packaging, quantity, and normal use of an individual].)  There was more than ample evidence supporting the trial court's conclusion appellant transported and possessed a controlled substance for sale.

DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.          BALTODANO, J.

4

Catherine Voelker, Judge

Superior Court County of Ventura

_____

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Melanie Dorian, Deputy Attorney General, for Plaintiff and Respondent.